UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OWN CAPITAL, L.L.C., a California limited
liability company,

        Plaintiff,                              Case Number: 10-50961

v.                                                 HON. MARIANNE O. BATTANI

JOHNNY'S ENTERPRISES, INC., a South
Carolina corporation, and
JOHN C. DANGERFIELD, an individual,

        Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANTS' SPECIAL APPEARANCE AND
MOTION FOR COSTS AND ATTORNEY FEES (DOC. 15) AND
DENYING PLAINTIFF'S MOTION TO STRIKE REPLY AND FOR AN AWARD OF
ATTORNEY FEES AND COSTS (DOC. 23)**

This matter is before the Court on Defendants Johnny's Enterprises, Inc. and John Dangerfield's Motion for Costs and Attorney Fees (Doc. 15) and Plaintiff OWN Capital LLC's Motion to Strike Reply and for an Award of Attorney Fees and Costs (Doc. 23). The Court has reviewed the record and finds oral argument will not aid in the resolution of these motions. See, E. D. Mich. LR 7.1(f)(2). For the reasons that follow, both Motions are **DENIED**.

**I.    BACKGROUND**

Plaintiff began the instant federal court action by filing a Motion for Confirmation of Arbitrator's Award on August 24, 2010. (Doc. 1). On September 1, the Court entered an Order Confirming Arbitrator's Award. (Doc. 2). On September 28, Defendants filed three motions: (1) Motion to Dismiss for Lack of Subject-Matter and Personal Jurisdiction and

Other Relief (Doc. 7); (2) Motion to Vacate Order Confirming Arbitrator's Award to Correct Clerical Mistake and/or Mistake Arising From Oversight and Other Relief (Doc. 8), and (3) Motion to Vacate Order Confirming Arbitrator's Award and Other Relief (Doc. 9). On September 30, after recognizing it had made a clerical error when entering the Confirmation Order, the Court *sua sponte* entered an Order Vacating Order Granting Arbitration Award. (Doc. 11).

On October 21, instead of filing responses to all three of Defendants' motions, Plaintiff filed a Withdrawal of Motion for Confirmation of Arbitration Award. (Doc. 14). The Court granted that motion the next day. (Docket Sheet, Text-Only Order Dated 10/22/10). On November 4, Defendants' filed a Motion for Costs and Attorney Fees. (Doc. 15). Plaintiff filed a response to that motion on November 15. (Doc. 18).

On November 17, the Court heard oral argument on Defendants' then pending motions. At the hearing, the Court dismissed Defendants' Motion to Vacate Order Confirming Arbitrator's Award to Correct Clerical Mistake and/or Mistake Arising From Oversight or Omission and Other Relief s moot, ordered Plaintiff to respond to Defendants' Motion to Dismiss for Lack of Subject-Matter and Personal Jurisdiction and Other Relief, and informed the parties that it will issue a written opinion on Defendants' Special Appearance and Motion for Costs and Attorney Fees. (Doc. 20).

After the hearing, Plaintiff filed a timely Response to Defendants' Motion to Dismiss. (Doc. 22). Defendants filed a Reply to Plaintiff's Response to Defendants' Motion for Costs and Fees two days after the deadline to file that Reply had passed. (Doc. 21). Plaintiff filed a Motion to Strike Defendants' Reply and also asks for costs and fees relating to that motion under 28 U.S.C. § 1927. (Doc. 23).

## II.     STANDARD OF REVIEW

### A.     Rule 11

A court is empowered to impose sanctions under Rule 11, including "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(5).  Rule 11 provides:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonable based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  However, the rule expressly provides that a motion for sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2).  This provision does not prevent a court, *sua sponte*, from issuing an order "to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3).

3

### B. 28 U.S.C. § 1927

A party may seek an award of attorney fees and costs under 28 U.S.C. § 1927: "any attorney or other person ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 was designed to "deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater, 465 F.3d 642, 646 (6th Cir. 2006) (internal quotations and citation omitted). An attorney's misconduct, "while not required to have been carried out in bad faith, must amount to more than simple inadvertence or negligence that has frustrated the trial judge." Holmes v. City Massillon, 78 F.3d 1041, 1049 (6th Cir. 1996) (citations omitted); see also, Ridder v. City of Springfield, 109 F.3d 288, 298 (6th Cir. 1997). The Sixth Circuit has explained that sanctions are proper "when an attorney has engaged in some sort of conduct that, from an objective standpoint, falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." Red Carpet, 465 F.3d at 646. Sanctions are also warranted when "an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of non-frivolous claims." Shepherd v. Wellman, 313 F.3d 963, 969 (6th Cir. 2002) (quotations omitted).

### C. Inherent Authority

A district court has inherent authority to impose sanctions upon any person "who willfully abuse judicial processes or who otherwise act in bad faith." Red Carpet, 465 F.3d at 646 (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 766-67 (1980)). To impose sanctions under its inherent authority, a court "need only find 'the claims advanced were

4

meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment.' " Adams v. Penn Line Services, Inc., 620 F.Supp.2d 835, 839 (N.D. Ohio 2009) (quoting Big Yank Corp. v. Liberty Mut. Fire Ins. Co., 125 F.3d 308, 313 (6th Cir. 1997)).  Moreover, "[i]n the Sixth Circuit, a court need not find the conduct sanctionable under any other rule or statute to apply its inherent powers to impose sanctions." Id.  (citing First Bank of Marietta v. Hartford Underwriters Ins. Co., 307 F.3d 501, 512 (6th Cir. 2002).  Additionally, "a court may impose sanctions jointly and severally against a party and his counsel." Id.

III.  ANALYSIS

    A.  **Plaintiff's Motion to Strike Reply and For an Award of Fees and Costs**

The Court will not strike Defendants' Reply Brief in Support of its Motion for Costs and Fees nor award Plaintiff attorney fees and costs pursuant to 28 U.S.C. § 1927.  Plaintiff asks the Court to strike the Reply because Defendants filed it two days late.  (Doc. 23). While the Court has discretion to strike untimely filings, it declines to do so in this instance. See, S.S. v. Eastern Kentucky University, 532 F.3d 445, 451 (6th Cir. 2008); see also, Kitson v. Bank of Edwardsville, 240 F.R.D. 610, 611 (S.D. Ill. 2006) ("Local Rules are meant to assist the Court, not to serve as a weapon in litigation for parties." (citations omitted)).  This case has a complex procedural history and Defendants' Reply helps clarify what remains in dispute.  Furthermore, Plaintiff has not shown how defense counsel's conduct has objectively fallen short of the obligations they owe this Court.  See, Red Carpet, 465 F.3d at 646.  Nor has Plaintiff sufficiently established how the filing of the Reply unreasonably "multiples" the proceedings or "needlessly" obstructs the litigation of Plaintiff's claim.  See, Shepherd, 313 F.3d at 969.  Accordingly, there is no basis for sanctions under 28 U.S.C. § 1927.

### B. Defendant's Motion for Costs and Attorney Fees

Under the facts and procedural circumstances in this case, the Court will not award Defendants any costs or attorney fees. A basic point of reference when considering an award of attorney fees is the bedrock principle known as the "American Rule," which provides that each litigant pays his own attorney fees, win or lose, unless a statute, contract, or inherent authority provides otherwise. See, Hardt v. Reliance Standard Life Ins. Co., 130 S. Ct. 2149 (2010). Defendants argue they fit within an exception to the general rule because Plaintiff withdrew a "frivolously" filed Motion to Confirm before it responded to Defendants' various jurisdictional motions. Therefore, according to Defendants, there should be no disputing that Plaintiff finds Defendants' motions meritorious. The Court disagrees.

Defendants correctly note that they cannot bring a Rule 11 sanctions motion because Plaintiff withdrew its Motion to Confirm. (Doc. 15 at 9-10). Rather, they remind the Court it has the power to enter "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(5). The Court is well aware of its Rule 11 authority and notes that *sua sponte* sanctions under this Rule will generally be imposed only in situations that are "akin to a contempt of court." Wesely v. Churchill Development Corp., 99 F.3d 1141 (Table) (6th Cir. 1996) (citing Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1329 (2d Cir. 1995)); see also, United Nat. Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 116 (9th Cir. 2001). Plaintiff counsel's conduct in this matter is not "akin" to contempt of court. There was no bad faith in Plaintiff's withdrawal given the parties' attempts to settle this matter. Also, Plaintiff's counsel reasonably explains that it filed the Motion to Withdraw so it could address certain

6

service of process issues identified during the parties' discussions. Accordingly, the Court finds no basis for *sua sponte* Rule 11 sanctions.

Furthermore, there is no basis for an award of costs and fees under 28 U.S.C. § 1927, nor will the court impose sanctions pursuant to its inherent powers. Plaintiff's initial filing was not an abuse of the judicial process because the applicable law required Plaintiff to file its Motion to Confirm. See, 9 U.S.C. § 9. Relatedly, Plaintiff counsel's filing of that motion was reasonable under the circumstances. See, Red Carpet, 465 F.3d at 646. Moreover, it is clear that Plaintiff did not file the Motion in bad faith or with an intent to harass Defendants; it was the next step in converting the Award to a Judgment.

In addition to challenging the initial filing, Defendants essentially ask the Court to sanction Plaintiff (and/or its counsel) because they were required to participate in the adversary system. Here, Defendants explain that since Plaintiff withdrew the Motion that brought them into federal court, they were unfairly forced to litigate. Under Defendants' proposed regime, a court should sanction any party that withdraws a motion, voluntarily dismisses a lawsuit, or otherwise ends the litigation. The relevant authority makes abundantly clear that a party requesting fees and costs must show something more before a court will award costs and attorney fees. Defendants failed to make that showing.

As discussed above, Plaintiff reasonably explained why it withdrew the Motion. The fact that Plaintiff withdrew, rather than responding to all three of Defendants' motions, does not necessarily mean that Plaintiff nefariously filed its original Motion or withdrew in bad faith. See generally, 10 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2675 (2d ed. 1997 & Supp.2010) ("the fact that litigation was brought or defended unsuccessfully does not automatically result in a finding of bad faith; something more has to be shown." (collecting cases at n.53)); see also, (Doc. 15 Ex. 2) (Email from Plaintiff's

7

counsel explaining that since Plaintiff's original counsel left the firm, replacement counsel had no choice but to withdraw the Motion to Confirm instead of filing unprepared response to Defendants' pending motions). Furthermore, Defendants cannot reasonably argue that Plaintiff "multiplied" the proceedings under 28 U.S.C. § 1927 by withdrawing its single motion given the context of the settlement discussions and service of process issues. See, Shepherd, 313 F.3d at 969. Ultimately, the complained of conduct does not rise to the level needed to justify an award of costs and attorney fees under the applicable sanctions authority.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion for Costs and Attorney Fees (Doc. 15) is **DENIED** and Plaintiff's Motion to Strike Reply and for an Award of Attorney Fees and Costs (Doc. 23) is also **DENIED**.

**IT IS SO ORDERED.**


s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: February 11, 2011


## CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
Case Manager